UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

LUIGI GIROTTO,

                        Plaintiff,

-v-

ANDRIANNA SHAMARIS INC., *et al.*,

                        Defendants.

19-CV-913 (JPO)

OPINION AND ORDER

J. PAUL OETKEN, District Judge:

      Plaintiff Luigi Girotto filed this action on January 30, 2019, alleging violations by Defendants Andrianna Shamaris Inc. and Hudson Square Realty, LLC of the Americans with Disabilities Act, the New York State Human Rights Law, and the New York City Human Rights Law. (*See* Dkt. No. 1 ("Compl.").) Girotto, who uses a wheelchair, alleges that he attempted to visit Defendants' facilities and was denied access because of various architectural barriers. (*See* Compl. ¶¶ 4, 16.) Before the Court are Defendants' motions to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) or, in the alternative, for a more definite statement pursuant to Federal Rule of Civil Procedure 12(e). Also pending before the Court are two motions for extensions of the time for Plaintiff to file his oppositions to the motions to dismiss. For the reasons that follow, the motions for extensions are denied, the motions to dismiss are denied, and the motions for a more definite statement are granted.

      As a preliminary matter, the Court denies Girotto's motions for extensions, strikes his untimely opposition, and deems Defendants' motions unopposed. Prior to the motions for extensions at issue, Girotto's counsel had requested extensions of the time to oppose Defendants' motions to dismiss on five occasions. (*See* Dkt. Nos. 23, 27, 30, 33, 35.) (Defendants' motions were supported by materially identical two-page briefs. (*See* Dkt. Nos. 17, 20.)) Three of the

first four of those motions were untimely under section 3(C) of this Court's Individual Rules of Practice in Civil Cases, which requires that motions for extensions be made at least forty-eight hours before the deadline the movant seeks to extend. Consequently, on August 9, 2019, this Court reminded the parties of its Individual Rules and warned that the Court "will not grant any further untimely motions for extensions." (Dkt. No. 34.)

On August 21, 2019, Plaintiff's counsel again moved for an extension of the deadline to file its opposition (by then the sixth such request). (*See* Dkt. No. 37.) The letter motion was filed on August 21, 2019, only one day before the deadline at issue, and therefore in violation of the Court's forty-eight-hour rule and warning.[1] (*See* Dkt. Nos. 36, 37.) On August 28, 2019, counsel for Plaintiff again moved for an extension of the August 22, 2019,[2] deadline.[3] (Dkt. No. 38.) The Court did not act on either motion at that time.

On September 13, 2019, twenty-three days after the extended deadline, and 117 days after the original deadline, Plaintiff submitted a two-and-a-half-page, double-spaced brief in opposition to the motions to dismiss. (*See* Dkt. No. 39.)

Federal Rule of Civil Procedure 6(b) provides that a court "may, for good cause, extend the time . . . on a motion made after the time has expired if the party failed to act because of excusable neglect." Thus, a court may extend a lapsed deadline in purely procedural matters, "at least when the delay was not long, there is no bad faith, there is no prejudice to the opposing

---

[1] The letter motion also did not state how many prior extensions had been requested in the matter, as required by this Court's Individual Rules, noting only that there had been "several." (Dkt. No. 37.)

[2] Both of Plaintiff's motions for extensions stated the deadline as August 21, 2019, but the deadline set by the Court was August 22, 2019. (*See* Dkt. Nos. 36, 37, 38.)

[3] The motion once again stated only that there had been "several" prior requests. (Dkt. No. 38.)

party, and movant's excuse has some merit." *LoSacco v. City of Middletown*, 71 F.3d 88, 93 (2d Cir. 1995) (citation omitted).

Neither of Girotto's submissions provides a justification that satisfies even this admittedly modest standard. Instead, the first notes merely that Plaintiff's counsel expected the case to have settled by the date of the motion's filing, and the second emphasizes that the parties remained in settlement discussions. (Dkt. Nos. 38, 39.) Neither of those statements furnishes anything resembling an explanation, let alone an excuse, for requiring 117 days to file a brief of fewer than three pages or the repeated failure to adhere to the Court's Individual Rules for extensions. The motions are therefore denied, the opposition struck, and the motions deemed unopposed.

Nonetheless, even an unopposed motion to dismiss must demonstrate that the complaint has failed to state a claim. Defendants' sole argument in support of the motions to dismiss is that Girotto failed to allege a date on which he visited Defendants' premises. That omission, they contend, amounts to a failure to state a claim. They invoke Federal Rule of Civil Procedure 9(f) in support of their position, which provides that "[a]n allegation of time or place is material when testing the sufficiency of a pleading." But "Rule 9(f) does not impose a requirement that allegations of time or place be made with particularity; it merely indicates the significance of those allegations when they are made." 5A Wright & Miller, Federal Practice and Procedure § 1308 (4th ed. 2019). In short, it "allows a limitations defense to be expeditiously raised in a Rule 12(b)(6) motion—as opposed to an answer—when it is apparent from the face of the complaint that the time limit for bringing the claim has passed," *Tammaro v. City of New York*, No. 13 Civ. 6190, 2018 WL 1621535, at *11 (S.D.N.Y. Mar. 30, 2018) (citation and quotation marks omitted), but it does not impose on litigants an affirmative pleading obligation. The

absence of specific temporal allegations therefore does not entitle Defendants to dismissal of the complaint.

It does, however, entitle Defendants to a more definite statement. *See Tammaro*, 2018 WL 1621353, at *11. Federal Rule of Civil Procedure 12(e) permits a "party [to] move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response." Because the complaint contains no details as to the date of the alleged visit, Defendants "cannot reasonably prepare a response," *id.*; for example, without even an approximate date of the alleged visit, Defendants cannot reasonably determine whether to assert a statute of limitations defense.

For the foregoing reasons, Plaintiff's motions for extensions are DENIED, Defendants' motions to dismiss are DENIED, and Defendants' motions for a more definite statement are GRANTED. Plaintiff is directed to file an amended complaint indicating the date of his alleged visit to Defendants' premises within 14 days of the date of this Opinion and Order. Failure to do so may result in the dismissal of the complaint or any other appropriate measure. *See* Fed. R. Civ. P. 12(e).

The Clerk of Court is directed to close the motions at Docket Numbers 16, 19, 37, and 38.

SO ORDERED.

Dated: October 31, 2019
New York, New York

_____
J. PAUL OETKEN
United States District Judge